Thomas H. **KAGY**, an individual,
Plaintiff–Appellant,

and

Shi A. Kagy, an individual;
et al., Plaintiffs,

v.

**STERLING HILLS GOLF COURSE**,
a California Corporation; et al.,
Defendants–Appellees.

No. 04–56559.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 2006 *.

Filed Nov. 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**564**

Nordman Cormany Hair & Compton, Oxnard, CA, Edmund G. Farrell, III, Esq., Pamela Marantz, Esq., Murchison & Cumming, Ronald H. Hill, Esq., Los Angeles, CA, John A. Demarest, Esq., Hanger Levine & Steinberg, Woodland Hills, CA, James O. Miller, Ford, Walker, Haggerty & Behar, Long Beach, CA, for Defendants–Appellees.

Thomas H. Kagy, Agoura Hills, CA, pro se.

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS **, District Judge.

## MEMORANDUM ***

Thomas Kagy, along with his wife and three daughters, brought suit against the golf club in the gated community in which the Kagys rented a home and against several of their neighbors. They alleged, *inter alia*, that agents of the club and the neighbors conspired to force the Kagys out of their neighborhood by engaging in racially-motivated harassment in violation of 42 U.S.C. § 1985(3). Defendants then filed a motion to dismiss, arguing that plaintiffs failed to state a claim upon with relief could be granted under § 1985(3). The district court granted the motion, dismissing the § 1985(3) claim with prejudice and dismissing plaintiffs other, state-law-based claims without prejudice. Plaintiffs appeal. We affirm.

The district court did not err in dismissing plaintiffs' § 1985(3) claim. Section 1985(3) is not itself a source of substantive rights, but instead allows plaintiffs to bring suit against defendants who conspire to violate civil rights protected by other statutes or the Constitution. *Carpenters v. Scott*, 463 U.S. 825, 833, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). Plaintiffs' complaint does not identify a right upon which a § 1985(3) claim may be based. The only law aside from 42 U.S.C. § 1985(3) cited in their complaint is 18 U.S.C. § 241—the criminal analog of § 1985(3)—which, like § 1985(3), affords no substantive protections. Thus, it may not serve as the substantive basis for their § 1985(3) claim.

Plaintiffs' argument that their § 1985(3) claim "falls squarely within the scope of the Thirteenth–Amendment-based protection against 'badges and incidents of slavery'" is without merit. First, plaintiffs' complaint makes no reference to the Thirteenth Amendment, nor does it allege that defendants' conduct imposed upon plaintiffs the "badges and incidents of slavery." Second, even if plaintiffs' complaint had included such an allegation,

---

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal would nonetheless have been warranted. The Thirteenth Amendment provides individuals with the right to be free from involuntary servitude; it does not afford protection from discrimination more generally. *See Palmer v. Thompson,* 403 U.S. 217, 226–27, 91 S.Ct. 1940, 29 L.Ed.2d 438 (1971). It therefore does not proscribe the sort of conduct in which plaintiffs allege that defendants engaged, and thus cannot provide a basis upon which plaintiffs may state a claim for relief under § 1985(3).

The district court likewise did not err in dismissing plaintiffs' § 1985(3) claim with prejudice. Plaintiffs argue that they should have been granted leave to amend their complaint in order to base their § 1985(3) claim upon the Thirteenth Amendment's protections. This argument is without merit for the reasons set forth above. Plaintiffs further argue that they should have been granted leave to amend their complaint to base their § 1985(3) claim upon the constitutionally protected right to interstate travel. This argument is likewise without merit as plaintiffs allege no facts that would support the conclusion that defendants interfered with their right to travel interstate. Plaintiffs have identified no other possible amendments that would cure the deficiencies in their complaint, either in the district court or on appeal. Thus, dismissal with prejudice was proper.

Plaintiffs' final contention on appeal, that the magistrate judge erred in discussing Thomas Kagy's status as a member of the California Bar, would not, even if correct, provide a basis for reversing the district court's dismissal of his complaint. Thus, we do not consider here plaintiffs' complaint relating to the magistrate judge's statements.

Accordingly, the district court's order dismissing plaintiffs' § 1985(3) claim with prejudice and their remaining claims without prejudice is AFFIRMED.